## DEFIANCE (city) v TOLEDO EDISON CO

Ohio Appeals, 3rd Dist, Defiance Co

No 83.   Decided July 15, 1933

Carl H. Wener, Jr., Defiance, E. A. Latty, Defiance, and T. T. Shaw, Defiance, for plaintiff.

R. H. Sutphen, Defiance, and Tracy, Chapman & Welles, Toledo, for defendant.

New Lexington Village v Ohio Fuel Supply Co., 27 C.D. page 678; Ohio River Power Co. v City of Steubenville, 99 Oh St 421.

And irrespective of the jurisdiction of the subject matter that may have been conferred on the Public Utilities Commission, the courts have equitable jurisdiction to enforce and prevent the breach of such contracts.

It is held in the case first mentioned, that:

"While the controversy between a municipality and a gas company as to rates to be paid by consumers for gas would fall within the jurisdiction of the Public Service Commission, the the courts have jurisdiction to settle differences of that character, whenever a contract has been entered into and so long as the contract exists."

Following these decisions, we hold that in so far as this case relates to the rates to be charged for electric energy, this action is properly brought.

The question as to whether this court has jurisdiction of this case in so far as it relates to the charges for gas, presents a different problem, as there was no contract between the plaintiff and defendant relating to the charges for gas, and such charges are based on a schedule filed by the defendant with the Public Utilities Commission.

Sec 614-20 GC, among other things provides:

"No rate, joint rate, toll, classification, charge or rental or any **change** in any rate, joint rate, toll, classification, charge or rental or any regulation or **practice** affecting any rate, joint rate, toll, classification, charge or rental of a public utility, **shall become effective until the commission, by order, shall determine the same to be just and reasonable * * *.**"

The change made by the defendant was both a change in rate and practice and was made without order by the Public Utilities Commission, and without authority in law. Being wholly illegal and void, the courts have jurisdiction to enjoin its enforcement. Such injunction, however, will not prevent the defendant from making application to the Public Utilities Commission for an order to make a change in rate or practice similar to the one attempted to be made by it, or the carrying into effect of such order as the commission may make.

With reference to the second contention of the defendant, the defendant has offered

## OPINION

By GUERNSEY, J.

The defendant contends that no order of injunction should be made in this case, because:

First, this is not a case for equity jurisdiction inasmuch as plaintiff has an adequate remedy at law under §§614-8,-10,-21 GC.

Second, even if the case were one for equity jurisdiction, still no order of injunction should be made inasmuch as no damage was done or suffered.

With reference to the first contention, the ordinance relating to rates for electric energy above mentioned was duly accepted by the defendant and constituted a legal and binding contract between the plaintiff and defendant.

evidence showing that under certain conditions based on monthly averages, the charges to consumers based on the change being made effective would not exceed the charges based on the monthly or thirty day rate previously in effect. However, all this evidence is based on assumed monthly averages of consumers and not on actual meter readings, for the reason as stated above, that the defendant did not make any meter readings at the end of the customary thirty day period following June 9, 1932, and did not make any readings until from thirty six to thirty eight days had elapsed from the former reading. The company being the only one authorized to make the readings and not having availed itself of the opportunity, is not in position to complain of the inability of the plaintiff to produce evidence of the exact extent of the alleged overcharges made to consumers. There is evidence offered by the plaintiff to the effect that the rates charged by defendant in carrying the change into effect were in excess of the amounts that some of the consumers would have been required to pay had the charges been made on a monthly basis as had been the custom previously, and in our opinion this evidence of damage is sufficient, if evidence of damage is required, to authorize the issuance of an injunction. On the other hand if, as contended by plaintiff, the Public Utilities Commission has jurisdiction of the rates for electricity under the accepted ordinance, as well as jurisdiction over the gas rate, the action of the defendant in making the change is in violation of the provisions of §614-20 GC, and injunction lies without proof of damage.

Both the ordinance and the schedule of rates provided for a monthly minimum rate and there is no express authority to defendant to make any change in these rates or to in any way pro-rate them. It is said in **19 Ohio Jurisprudence, at page 288** that:

"Where there is an ambiguity or uncertainty as to which of two constructions should prevail in a franchise contract it is quite clear that that construction should be adopted by the courts that would be most favorable to the public interest and welfare, so the rule is well established that grants of this character should be strictly construed in favor of the public and against the grantee."

The reasoning upon which this rule is based applies as well to rate ordinances and schedules as to franchises, and consequently we are of the opinion that neither the ordinance nor the schedule of rates can be construed as authorizing the defendant to make minimum charges for any period other than the period expressly provided in such ordinance and schedule.

The changes mentioned were made by the defendant of its own initiative and for its own advantage in expeditiously carrying on its own business, and such changes not being authorized either by the ordinance or the rate schedule, the defendant must bear the burdens as well as enjoy the benefits of making such changes and, under the provisions of the ordinance and schedule aforesaid, is entitled to charge only the monthly minimum provided therein, irrespective of the fact that the period covered by such charges is in excess of the thirty day (monthly) period.

Holding these views, the injunction issued by the lower court herein as modified by its journal entry of August 6, 1932, will be continued and made perpetual, except that it shall contain a provision to the effect that it shall not prevent defendant from at any time making application to the Public Utilities Commission for an order permitting change in rates for gas and practices in connection therewith, and the carrying into effect of such order.

KLINGER, J, concurs.
CROW, PJ, not participating.